UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

CHARLES ARMSTRONG,

      Plaintiff,

-against-

DENNIS BRESLIN, Superintendent at Arthur Kill
Correctional Facility, and T.G. EAGEN, Director for the
Inmate Grievance Program for New York State Department
of Correctional Services,

      Defendants.

------------------------------------------------------------- X

05 CV 2876 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Pro se plaintiff Charles Armstrong ("plaintiff" or "Armstrong"), an inmate at the Arthur Kill Correctional Facility, brought this action under 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, he alleges that Dennis Breslin ("Breslin"), superintendent of the prison, and T.G. Eagen ("Eagen"), director of the state's inmate grievance program, (collectively, "defendants"), exhibited deliberate indifference by failing to provide safe climbing mechanisms for the bunk beds in inmates' cells. Plaintiff also alleges that defendants continued to exhibit deliberate indifference toward his safety by failing to reassign him to a lower bunk bed after he had sustained injuries in a fall from attempting to climb up to his assigned top bunk. Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and pursuant to Rule 12(b)(1) for lack of subject matter

jurisdiction. For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following factual allegations are drawn from plaintiff's complaint. For the purposes of a motion to dismiss, all facts alleged in the complaint are presumed to be true.

Plaintiff, an inmate at the Arthur Kill Correctional Facility, is assigned to the top bunk of the bunk bed in his cell. The bunk bed is not equipped with a ladder. Instead, an inmate is expected to utilize the other furniture located in his cell—a chair or metal locker—to climb up to the top bunk. On February 23, 2005 at approximately 9:00pm, plaintiff attempted to climb onto the top bunk of his assigned bunk bed by climbing onto the metal locker in his cell. He alleges that he slipped and fell off from the metal locker, injuring his back, right side, and rib area. He saw prison medical staff on several occasions after the incident, and they diagnosed him with a laceration of the flank area, a fractured rib, and muscle strain of the lower back. Plaintiff alleges that he continues to suffer from pain in his lower back, which requires treatment and medication.

Following the incident, plaintiff filed a grievance, complaining about the alleged need for ladders and safety rails on the bunk beds and requesting to be reassigned to the lower bunk. On February 25, 2005, the superintendent of the prison, presumably defendant Breslin, denied the grievance, stating that "[i]nvestigation revealed that prior CORC decisions have determined that ladders or safety rails are not required." (Compl. Ex. A.) On the same day, the director of the inmate grievance program, defendant Eagen, issued an order upholding the superintendent's denial of plaintiff's grievance. Plaintiff alleges that defendants' denial of his request to be

reassigned to a lower bunk exhibits defendants' deliberate indifference to plaintiff's continuing pain.

Moreover, petitioner alleges that the incident itself establishes that defendants were deliberately indifferent to the unsafe conditions created by the lack of a ladder or safety rails on the bunk beds. According to the exhibits attached to plaintiff's complaint, at least two prior grievances were filed prior to February 23, 2005 about the alleged unsafe climbing mechanism on prison bunk beds. On February 28, 2001, defendant Eagen denied an unnamed inmate's grievance about the allegedly unsafe way to reach to the top bunk, citing a prior decision dated March 8, 1995.[1] (Compl. Ex. D.) On February 4, 2004, defendant Eagen denied another unnamed inmate's grievance about double-bunking,[2] concluding that "the ceiling light fixture did not interfere with the sleeping area" and that "chairs and lockers positioned an [sic] a room or cube establishes an adequate means to climb in and out of the top bunk for most inmates, precluding any medical reasons as determined by the medical staff." (Compl. Ex. C.)

## DISCUSSION

### A. Motion to Dismiss Standard

### 1) Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other materials beyond the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 & n.6 (2d Cir. 2001). Under Rule 12(b)(1),

---

[1] The court notes that the unnamed inmate apparently filed a grievance with regard to the Livingston Correctional Facility. (See Compl. Ex. D.)

[2] The second unnamed inmate apparently filed a grievance with regard to the Mid-Orange Correctional Facility. (See Compl. Ex. C.)

3

the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). As the party seeking to invoke the jurisdiction of the court, the plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on facts existing at the time the complaint was filed. Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).

**2) Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court should dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999) (internal quotation marks and citation omitted). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). The primary inquiry is not whether the plaintiff will ultimately prevail, but whether the plaintiff's allegations are sufficient to permit him to support his claims with evidence. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

It should also be noted that courts are particularly hesitant to dismiss actions filed by pro se litigants, as pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" Weixel v. N.Y.C. Bd. of Educ., 287 F.3d 138, 145-6 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.

2000)). As a general rule, an action brought pro se "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980). "Nevertheless, the [c]ourt is also aware that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Iwachiw v. N.Y.C. Bd. of Educ., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

### B. Section 1983 Claims

Plaintiff alleges that defendants exhibited deliberate indifference to his safety by failing to equip bunk beds with ladders and safety rails and by denying his request to be assigned to a lower bunk. Defendants argue that plaintiff's § 1983 claims should be dismissed because (1) plaintiff has failed to sufficiently allege that defendants acted with deliberate indifference; (2) plaintiff has failed to adequately allege that defendants have personal involvement in the alleged violation of plaintiff's constitutional rights; and (3) defendants, in any event, are entitled to qualified immunity.

### 1) Deliberate Indifference Claims

Prison conditions and the treatment of inmates are subject to scrutiny under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Both the Supreme Court and the Court of Appeals for the Second Circuit have repeatedly noted that, "while the Constitution 'does not mandate comfortable prisons,' prisoners may not be denied 'the minimum civilized measure of life's necessities.'" Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 and 347 (1981)). Under the Eighth Amendment,

prisoners may not be deprived of their "'basic human needs—e.g., food, clothing shelter, medical care, and reasonable safety.'" Helling v. McKinney, 509 U.S. 25, 32 (1993) (quoting DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989).

The Second Circuit has expressly held that "[t]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). To recover under § 1983, the inmate must allege that "officials acted with 'deliberate indifference' to the safety of the inmate." Id. (quoting Morales v. New York State Dep't of Corr., 842 F.2d 27, 30 (2d Cir. 1988)). The Second Circuit has set forth the following standard to determine whether a plaintiff has adequately pled deliberate indifference:

> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

Id. (citing Farmer, 511 U.S. at 834, 837) (internal citations omitted).

Defendants argue that plaintiff has failed to sufficiently allege the first prong of the deliberate indifference test because "a climbing mechanism or ladder to access and descend to and from a top bunk in a a [sic] prison cell is not the denial of 'the minimal civilized measure of life's necessities." (Dft. Mem at 9 (quoting Wilson v. Seiter, 501 U.S. 825, 832 (1994)).) Essentially, defendants are arguing that the lack of a ladder on an inmate's bunk bed does not

pose a sufficiently serious risk to an inmate's safety to satisfy the first prong of the deliberate indifference test. While the court agrees that the objective prong of the deliberate indifference standard contemplates that an inmate's confinement conditions must pose a substantial risk, the court—which must construe this pro se complaint liberally—is unable to conclude that plaintiff can prove no set of facts that would support his claim. Here, plaintiff clearly alleges that the lack of a ladder and the expectation that he use his locker and chair to climb onto the top bunk pose a substantial risk to his safety. In addition, he provides evidence that he suffered injuries to his back and ribs due to the alleged safety hazard. Moreover, he supports his claim that the bunk bed configuration posed a safety risk to inmates by demonstrating that there were grievances made by other inmates about the lack of ladders and safety railings on the bunk beds. Defendants correctly point out that plaintiff has not proven that the lack of a ladder creates a substantial risk of harm to inmates assigned to the top bunk. However, the court cannot dismiss the possibility that—given the chance to proceed with discovery—plaintiff may be able to prove that the size, shape, configuration, and general condition of the bunk bed, locker, and chair in an inmate's cell create a substantial risk of harm.

In addition, defendants contend that plaintiff has failed to sufficiently allege that defendants acted with the intent required to satisfy the second prong of the deliberate indifferent standard. However, plaintiff clearly alleges that "[d]efendants were previously and sufficiently alerted to the dangers plaintiff was exposed to prior to his accident of February 23, 2005, and disregarded the continuing threat posed by allowing the bunk-beds to remain without ladders." (Compl. ¶ 13.) The court recognizes that allegations of mere negligence are insufficient to sustain a claim of deliberate indifference. See Hayes, 84 F.3d at 620 ("[T]o state a cognizable

7

section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice."). Plaintiff has clearly alleged that defendants had knowledge of the alleged safety hazard and failed to remedy it. Moreover, plaintiff has provided evidence of prior grievances about the safety of the bunk beds, which suggests that prison officials were aware of potential safety concerns prior to the incident at issue here. Thus, construing plaintiff's complaint liberally, the court concludes that dismissal of plaintiff's claim of deliberate indifference with regard to the issue of placing ladders on inmate bunk beds is inappropriate at this stage.

With regard to plaintiff's second claim of deliberate indifference, the court concludes that dismissal is appropriate. Plaintiff contends that defendants also exhibited deliberate indifference by denying his application to be reassigned to a lower bunk after he had fallen. Here, plaintiff clearly fails to adequately allege that defendants had the intent required under the deliberate indifference standard. Although they denied plaintiff's request for reassignment to a lower bunk, defendants specifically advised plaintiff to "address any additional medical concerns through sick call procedures." (Compl. Ex. B.) If anything, this statement suggests that defendants were unsure whether the top bunk posed a physical difficulty for plaintiff in his medical condition at the time and directed plaintiff to seek a medical determination on the matter. It does not suggest that defendants were aware of a substantial risk of harm to plaintiff and failed to remedy it by assigning him to a lower bunk. Even construing the complaint liberally, the court cannot conclude that plaintiff has adequately alleged facts amounting to deliberate indifference in this instance.

**2) Personal Involvement of the Defendants**

Defendants also argue that plaintiff has failed to adequately plead the personal involvement of defendants in the alleged constitutional wrong. According to defendants, the only allegation of personal involvement of defendants involves their denial of plaintiff's grievance complaint. Defendants note that at least one court has held that a prison superintendent's affirmation of a denial of a grievance was "insufficient to establish personal involvement or to shed any light on the critical issue of supervisory liability, and more particularly, knowledge on the part of the defendant." Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) (internal quotation marks and citation omitted). That case, however, involved a prison superintendent affirming the denial of an inmate's request for a certain level of medical treatment. Id. The court made clear that plaintiff had not adequately alleged the personal involvement of the superintendent because, in part, it was not alleged that he was responsible for providing plaintiff with medical care. Id. In fact, in McKenna v. Wright, 386 F.3d 432 (2d Cir. 2004), the Second Circuit distinguished Joyner and affirmed the district court's finding of personal involvement because the defendant superintendents were "adequately alleged to have had responsibility for enforcing or allowing the continuation of the challenged policies that resulted in the denial of [the plaintiff's] treatment." 386 F.3d at 437. Here, plaintiff has alleged that defendant Breslin was responsible for the safety of the inmates at the Arthur Kill Correctional Facility. Moreover, he has alleged that defendant Eagen made several decisions on grievance complaints, which upheld the policy that chairs and lockers were a safe way to climb to the top bunk. On this record, the court cannot conclude that plaintiff can prove no set of facts that would support his claim.

**3) Qualified Immunity**

9

Defendants argue that, if the court finds that a potential Eighth Amendment violation exists, they should be shielded under qualified immunity. Qualified immunity "shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Stephenson v. Doe, 332 F.3d 68, 76 (2d Cir. 2003). Assuming that the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation, the issue to be resolved with regard to qualified immunity is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Sira v. Morton, 380 F.3d 57, 68-69 (2d Cir. 2004). If plaintiff's liberally construed allegations are true, then qualified immunity would not attach to defendants' actions. The Eighth Amendment right of inmates "[t]o be furnished with the basic human needs, one of which is 'reasonable safety'" is both clearly established and well-settled. See Helling, 509 U.S. at 33 (quoting DeShaney, 489 U.S. at 200). Thus, plaintiff's allegations that defendants acted with deliberate indifference to inmate safety cannot be held to be objectively reasonable at this stage of litigation. After the record has been fully developed, it may become clear that defendants' conduct simply amounts to negligence and fails to rise to the level of a constitutional violation. If so, qualified immunity may be appropriate. However, the court cannot make such a determination on the current record.

Given that the court concludes that plaintiff has adequately stated a claim under § 1983, alleging that defendants have acted with deliberate indifference in violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, the court denies defendants' motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

**CONCLUSION**

10

For the reasons stated above, defendants' motion to dismiss is granted with respect to plaintiff's claim that defendants acted with deliberate indifference in violation of the Eighth Amendment by failing to reassign him to a lower bunk. Defendants' motion to dismiss is denied as to plaintiff's claim that defendants acted with deliberate indifference in violation of the Eighth Amendment by failing to equip bed bunks with ladders.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: February 17, 2006
Brooklyn, New York

SERVICE LIST:

> *Pro Se* Plaintiff
> Charles Armstrong
> 01-A-1237
> Arthur Kill Correctional Facility
> 2911 Arthur Kill Road
> Staten Island, NY 10309
>
> Counsel for Defendants
> Jonathan S. Saul
> Office of the New York State Attorney General
> 120 Broadway, 24th Floor
> New York, NY 10217

cc:  Magistrate Judge Lois Bloom